UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:       Jorge A. Perez v. Performance Food Group, Inc. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                          Court Reporter:
          Rita Sanchez                           Not Reported

          Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
          None Present                           None Present

Proceedings (In Chambers):   ORDER GRANTING MOTION FOR FINAL
                             APPROVAL OF CLASS ACTION SETTLEMENT;
                             AWARD OF ATTORNEY FEES AND EXPENSES;
                             CLASS REPRESENTATIVE SERVICE AWARD;
                             AWARD OF SETTLEMENT ADMINISTRATOR
                             EXPENSES [33]

      Before the Court is Plaintiff Jorge A. Perez's Motion for Final Approval of Class
Action Settlement; Award of Attorney Fees and Expenses; Class Representative
Service Award; Award of Settlement Administrator Expenses (the "Motion"), filed on
April 28, 2019.  (Docket No. 33).  No opposition or objection to the Motion was filed,
and there were only two opt-outs from the Settlement Agreement.  The Court has read
and considered the Motion, and held a hearing on June 3, 2019.  No objector or anyone
purporting to represent an objector appeared at the hearing.

      For the reasons discussed below, the Motion is **GRANTED**.  The Settlement
Agreement is fair, reasonable, and adequate to serve the interests of the class members.
The requested attorneys' fees and costs are fair compensation for class counsel's
efforts and reimbursement for their expenses, and the incentive award requested is
reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

## I.      **BACKGROUND**

### A.      **Factual and Procedural Background**

The Court previously discussed the following factual and procedural background to this action in an Order preliminarily approving the settlement.  (*See generally* "Preliminary Approval Order" (Docket No. 30)).

On August 18, 2017, Plaintiff commenced this class action in the Los Angeles County Superior Court.  (Notice of Removal ("NoR") ¶ 1 (Docket No. 1)).  On September 27, 2017, Defendants Performance Food Group, Inc. ("Performance Food Group") and Vistar Transportation, LLC ("Vistar Transportation") timely removed this action.  (*See generally id.*).

Based on the allegations in the Complaint:

Plaintiff was employed by Defendants as an hourly, non-exempt employee from May 29, 2013, to June 12, 2014.  (Complaint ¶ 4 (Docket No. 1-1)).  When Plaintiff applied for employment, Defendants required him to fill out a disclosure and authorization form for a background check.  (*Id.* ¶ 20).  The disclosure provided by Defendants, however, contained extraneous and superfluous language that did not consist solely of the disclosure as required by federal and state laws.  (*Id.* ¶ 21).  Among the extraneous and superfluous information were an applicant's contact information, previous addresses, driver's license information, citizenship status, criminal history, employment history, and education history.  (*See* Preliminary Approval Order at 2).

A background check was then performed on Plaintiff, and a putative class, in violation of federal and state laws.  (*See* Compl. ¶ 22).

Plaintiff's Complaint asserts five claims for relief: (1) failure to make proper disclosure in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A); (2) failure to give proper summary of rights in violation of FCRA,

---

**CIVIL MINUTES—GENERAL**                                    **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:       Jorge A. Perez v. Performance Food Group, Inc. et al.

15 U.S.C. §§ 1681d(a)(1) and 1681g(c); (3) failure to make proper disclosure in violation of California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*; (4) failure to make proper disclosure in violation of California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 *et seq.*; and (5) unfair business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*  (*Id.* ¶¶ 23–97).

On July 26, 2018, the parties engaged in settlement negotiation before mediator Michael Dickstein.  (Declaration of Shaun Setareh Dated April 25, 2019 ("Setareh Decl.") ¶ 7 (Docket No. 33-1)).  Shortly following the mediation, the parties engaged in further discussions and reached a settlement.  (*Id.* ¶¶ 11, 13).

On January 28, 2019, the Court preliminarily approved the parties' settlement, provisionally certified the class for purposes of settlement, and approved the notice and plan of dissemination.  (*See generally* Preliminary Approval Order).

B.     **The Settlement Agreement**

The Settlement Agreement is attached as Exhibit 1 to the Declaration of Shaun Setareh, counsel for Plaintiff.  (Setareh Decl. ¶ 10, Ex. 1).

The Settlement Agreement defines the settlement class as follows:

[A]ll individuals in the United States who: (i) applied for a job with Defendants [Performance Food Group and Vistar Transportation] or . . . related segments . . . includ[ing] the entities Performance Transportation, LLC; Liberty Distribution Company, LLC; Vend Catering Supply, LLC; Continental Concession Supplies, LLC; Institution Food House, Inc.; PFG PFS, LLC; Fox River Foods, Inc.; FRF Transport, Inc.; and Ohio Pizza Products Inc.; and (ii) about whom Defendants requested background checks during the Class Period, except for those that timely opt-out of the Settlement [Agreement].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

(Mot. at 6).

Plaintiff explains that the class period is between August 18, 2012, and January 28, 2019, the date the Court preliminarily approved the settlement. (*Id.*). There are 32,137 class members. (*Id.*). On March 25, 2019, the third-party administrator, KCC LLC ("KCC"), mailed each class member a Notice Form to inform members of the nature of the action, their right to object or opt out of the settlement, an explanation of how the settlement amount will be allocated, the requested fees and costs, and the date of the final approval hearing. (*Id.* at 8).

The Settlement Agreement establishes a non-reversionary fund of $1,995,000 for payment of attorneys' fees, class notice, claims administration, and an incentive award for Plaintiff, with the remainder reserved for payment of class members' claims. (*Id.* at 6–8). Of the $1,995,000 fund, Plaintiff requests that $498,750 (or 25% of the settlement fund) be used to pay attorneys' fees; $6,550.61 to pay costs; $62,898.49 to pay claims-administration expenses; and $5,000 to pay Plaintiff an incentive award. (*Id.* at 8, 25). The gross settlement payment is $62.07 per class member and the net settlement payment is $47 per class member after accounting for the various payments discussed. (*Id.* at 20).

Because there are over 32,000 class members, the parties have negotiated a distribution process to minimize the burden on class members and KCC and to reduce the administrative costs. (*Id.* at 7). Class members do not have to submit a claim form to receive payment; instead, individual settlement payments will be directly mailed to class members. (*Id.*). Class members will then have 120 days to cash their settlement checks, at which point the checks will be voided. (*Id.* at 8). If the remaining funds associated with voided checks equal or exceed $40,000, KCC shall divide the funds on a pro rata basis among the class members who cashed the first checks, and shall mail a second check to each of those members. (*Id.*). After the second distribution, any remainder will be donated to the proposed *cy pres* recipient, Public Justice. (*Id.*).

---

**CIVIL MINUTES—GENERAL**                                                   **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

       In exchange for their settlement payment, class members will release "all claims,
demands, rights, liabilities, and causes of action . . . whether known or unknown, that
were or could have been asserted in the [Complaint]."  (*Id.* at 7).  As of the filing of the
Motion, there were two requests for exclusions and zero objections.  (*Id.* at 8).

## II.    DISCUSSION

       Plaintiff seeks final approval of the Settlement Agreement and an incentive
award of $5,000.  (*Id.* at 9–17, 25).  Plaintiff's counsel seek fees in the amount of
$498,750 or 25% of the settlement fund, and reimbursement of expenses incurred in
the amount of $6,550.61.  (*Id.* at 18–24).

### A.    Final Approval of Class Action

       Before approving a class action settlement, Rule 23 of the Federal Rules of Civil
Procedure requires the Court to determine whether the proposed settlement is fair,
reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2).  "To determine whether a
settlement agreement meets these standards, a district court must consider a number of
factors, including: (1) the strength of f' case; (2) the risk, expense, complexity, and
likely duration of further litigation; (3) the risk of maintaining class action status
throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery
completed, and the stage of the proceedings; (6) the experience and views of counsel;
(7) the presence of a governmental participant; and (8) the reaction of the class
members to the proposed settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th
Cir. 2003) (internal citation and quotation marks omitted) (applying the factors
announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

       "The relative degree of importance to be attached to any particular factor will
depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of
relief sought, and the unique facts and circumstances presented by each individual
case."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).
"It is the settlement taken as a whole, rather than the individual component parts, that

---

**CIVIL MINUTES—GENERAL                                          5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-7128-MWF (JPRx)                Date: June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon*, 150 F.3d at 1026). "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234, 1234 (9th Cir. 1998).

"In addition, the settlement may not be the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

Here, the Court is satisfied that the Settlement Agreement is not the product of collusion between the parties. The Settlement Agreement is the outcome of an arms-length negotiation conducted with the help of an experienced mediator, Michael Dickstein. (Mot. at 6). "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. 03-cv-2878-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). Moreover, Plaintiff's counsel have extensive experience litigating labor and employment class actions in both state and federal courts in California. (Preliminary Approval Order at 6). Plaintiff's counsel have also been appointed lead or co-lead class counsel in many settled class actions. (*Id.*; Setareh Decl. ¶ 12). The arms-length nature of the negotiation resulting in the Settlement Agreement and the recommendation of experienced class action counsel support final approval. *See Linney*, 1997 WL 450064, at *5.

Moreover, consideration of the *Hanlon* factors dictates final approval of the proposed settlement:

---

**CIVIL MINUTES—GENERAL**                                                6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:        Jorge A. Perez v. Performance Food Group, Inc. et al.

### 1.      Strength of Plaintiff's case and risk, expense, complexity, and likely duration of further litigation

When assessing the strength of a plaintiff's case, the Court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation."  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989).

Here, Plaintiff alleges that Defendants "used employment application forms that included both the disclosure form and extraneous information in the same document." (Mot. at 10).  Plaintiff acknowledges that, despite the strength of his case against Defendants, there is significant uncertainty if the class action were to proceed.  (*Id.* at 10–11).  As one example, Plaintiff points out that that this area of the law is "highly uncertain" and "district courts ha[ve] been inconsistent" in applying the FCRA to similar factual scenarios.  (*Id.* at 11 (citations omitted)).  As another example, Plaintiff also argues that it is unclear "what the impact of the Supreme Court's decision in *Spokeo Inc. v. Roberts* is on cases alleging violation of the FCRA's standalone disclosure requirement."  (*Id.* at 12 (citations omitted)).

If the parties were to proceed with further litigation, Plaintiff recognizes that there is a risk that the class as a whole might not recover anything.  (*Id.* at 12–14). Moreover, significant party and judicial resources would be expended in further deposition and expert discovery, motion practice, trial, and potentially appeals following trial.  Accordingly, this factor weighs in favor of final approval of the Settlement Agreement.

### 2.      Amount offered in the Settlement Agreement

The Court concludes the $1,995,000 in cash offered in the Settlement Agreement is fair and reasonable.  The Court looks at "the complete package taken as a whole, rather than the individual component parts" in making this determination. *Officers for Justice*, 688 F.2d at 628.  As noted above, each class member will receive

---

**CIVIL MINUTES—GENERAL**                                              7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-7128-MWF (JPRx) | **Date:** June 7, 2019 |
| Title: | Jorge A. Perez v. Performance Food Group, Inc. et al. |

$47 after deducting administration costs, attorney's fees and expenses, and the incentive award.

As the Court indicated in the Preliminary Approval Order, this amount is less than the potential $100 to $1,000 in statutory damages each class member might receive if the class were to successfully litigate this action to a favorable judgment. (Preliminary Approval Order at 7). But when considered in light of the potential pitfalls of summary judgment, and then (if Plaintiff and the class survived summary judgment) by trial, a net recovery of $47 per class member appears fair and reasonable. As pointed out by Plaintiff, this recovery compares favorably to other recent FCRA settlements in standalone disclosure cases. *See, e.g.*, *Feist v. Petco Animal Supplies, Inc.*, No. 3:16-CV-1369-H (RNBx), 2018 WL 2933485 (S.D. Cal. June 11, 2018) (settlement fund of $1.2 million for 37,279 class members, or $32.10 each); *In re Uber FCRA Litig.*, No. 14-CV-5200-EMC, 2018 WL 2047362 (N.D. Cal. May 2, 2018) (settlement fund of $7.5 million for 1,025,954 class members, or $7.31 each); *but see Smith v. A-Check Am., Inc.*, No. 16- EDCV-174-VAP (KKx), 2017 WL 3610592 (C.D. Cal. July 18, 2017) (settlement fund of $400,000 for 2,717 class members, or $147.22 each).

If this litigation were to continue, Plaintiff may not prevail on all claims and overcome all defenses and the aggregate recoverable damages may be significantly less than $1,995,000. Moreover, continued litigation would result in considerable additional expenses. Accordingly, this factor also weighs in favor of final settlement approval.

### 3.    Extent of discovery completed and stage of the proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney*, 151 F.3d at 1239.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

Plaintiff contends that his counsel "conducted a study and investigation of the
law and facts relating to the claims that were asserted and that could have been
asserted." (Setareh Decl. ¶ 3–5).  The parties have also engaged in some discovery,
including both formal and informal discovery, as part of the mediation process.  (Mot.
at 15–16; Setareh Decl. ¶ 6).  The Court concludes the parties had sufficient
information with which to make informed settlement decisions.  Accordingly, this
factor weighs in favor of final settlement approval.

**4.      Experience and views of counsel**

Plaintiff's counsel have extensive experience litigating class matters involving
FCRA allegations that an employer failed to provide a legally compliant standalone
disclosure. (Mot. at 16).  Specifically, Plaintiff's counsel have "successfully handled
hundreds of class actions." (*Id.* at 17).  Counsel are of the opinion that the Settlement
Agreement is "fair, reasonable, and adequate, and is in the best interest of the
Settlement Class in light of all known facts and circumstances, including the risk of
significant delay and uncertainty associated with litigation." (*Id.* at 16).  In light of the
fact that experienced counsel have agreed to settle their dispute, this factor weighs in
favor of final settlement approval.

**5.      Reaction of the class members to the Settlement Agreement**

"It is established that the absence of a large number of objections to a proposed
class action settlement raises a strong presumption that the terms of a proposed class
settlement action are favorable to the class members." *Nat'l Rural Telecomm'cns
Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Churchill
Village LLC v. Gen. Elec*., 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement
with 45 objections out of 90,000 notices sent).

KCC, the claims administrator, has received no objections to the Settlement
Agreement.  (Mot. at 17).  Moreover, as of the filing of the Motion, only two class

CIVIL MINUTES—GENERAL                                      9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

members out of over 32,000 have requested exclusion.  (*Id.*).  Accordingly, this factor
also weighs in favor of final settlement approval.

## B.      **Attorneys' Fees**

In the Ninth Circuit, there are two primary methods to calculate attorney's fees:
the lodestar method and the percentage-of-recovery method.  *In re Online DVD-Rental
Antitrust Litig*., 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted).  "The lodestar
method requires 'multiplying the number of hours the prevailing party reasonably
expended on the litigation (as supported by adequate documentation) by a reasonable
hourly rate for the region and for the experience of the lawyer.'"  *Id.* (citation omitted).

"Under the percentage-of-recovery method, the attorneys' fees equal some
percentage of the common settlement fund; in this circuit, the benchmark percentage is
25%."  *Id.* (citation omitted).  However, the "benchmark percentage should be
adjusted, or replaced by a lodestar calculation, when special circumstances indicate
that the percentage recovery would be either too small or too large in light of the hours
devoted to the case or other relevant factors."  *Six Mexican Workers v. Ariz. Citrus
Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  "The Ninth Circuit has identified a
number of factors that may be relevant in determining if the award is reasonable:
(1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality
of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel;
and (6) the awards made in similar cases."  *Martin v. Ameripride Services, Inc*., No.
08-cv-440-MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v.
Microsoft Corp*., 290 F.3d 1043, 1048–50 (9th Cir. 2002)).  The choice of "the
benchmark or any other rate must be supported by findings that take into account all of
the circumstances of the case."  *Vizcaino*, 290 F.3d at 1048.

Counsel request fees in the amount of $498,750, or 25% of the $1,995,000
settlement fund.  (Mot. at 18).  The Court sees no reason to depart from the Ninth
Circuit's 25% benchmark.  This fee amount is reasonable and fair, especially
considering the favorable recovery of $1,995,000 (or $47 per class member).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

A lodestar crosscheck confirms the reasonableness of the 25% award.  While counsel have not submitted an itemized billing summary, they have provided specific billing rates and hours for those working on the case.  Counsel have devoted 349 hours to this action, which the Court views as reasonable given the length of the case, the issues involved, and the mediation and negotiations that occurred.  (*See* Mot. at 22; Setareh Decl. ¶ 19).  The billing rates—between $375 and $750—are also reasonable for the range of experience of counsel working on the case, from two years to 20 years of practice.  (*See* Mot. at 22; Setareh Decl. ¶¶ 18–19).  Multiplying the hours by the rates documented results in a lodestar of $189,002.  (*See* Mot. at 22; Setareh Decl. ¶ 19).  The Court's $498,750 fee award represents a multiplier of 2.64 of counsel's total lodestar, which is well within the range of acceptable multipliers in a common fund case.  *See Vizcaino*, 290 F.3d at 1051 n.6 (noting that the majority of fee awards are 1.5 to 3 times higher than lodestar).

Continued litigation carries the risk for the class of an inferior award or nothing. Maintaining class action status, as well as ultimately obtaining a finding of liability, remains uncertain.  Counsel exercised considerable skill in the investigation of the case, discovery, and mediation and settlement negotiations, and they did so against experienced, highly skilled opposing counsel and on an entirely contingent basis. (Mot. at 17, 21–22).  The Court notes further that class members were notified that counsel would seek fees of up to 25% of the settlement amount, and that no class member has objected to the requested fee.

Accordingly, the Court concludes that counsel's request for attorneys' fees is reasonable.

## C.      <u>Reimbursement of Litigation Expenses and Administration Costs</u>

Counsel next seek reimbursement of litigation expenses in the amount of $6,550.61.  (*Id.* at 24).  Counsel also request that KCC be paid $62,898.49 in administration costs.  (*Id.* at 25).

---

CIVIL MINUTES—GENERAL                                                      11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

Case No.  CV 17-7128-MWF (JPRx)                Date:  June 7, 2019
Title:        Jorge A. Perez v. Performance Food Group, Inc. et al.

Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

Counsel provide a detailed breakdown of costs.  (Setareh Decl. ¶ 21, Ex. 2).  The highest cost—or $3,750—relates to the mediator fees.  (*Id.*).  The remaining costs relate to necessary travel, filing and service fees, document storage and maintenance fees, printing fees, and other similar costs.  (*Id.*).  Attorneys routinely bill clients for such expenses, and it is therefore appropriate to allow counsel to recover these costs from the settlement fund.  Class members were also notified that counsel would seek reimbursement of litigation expenses up to $20,000, and no class members have objected to the requested expenses.  (*See* Mot. at 24–25).

The Court also notes that KCC's administration costs—$62,898.49—is lower than the original estimate of $69,250.  The Court has also reviewed the Declaration of Jeremy Neville, project manager for KCC, and the attached exhibits and concludes that KCC's request is fair and reasonable.  (Declaration of Jeremy Neville ¶¶ 1–13, Exs. A–C (Docket No. 33-5)).

Accordingly, the Court concludes that counsel's request for litigation expenses and administration costs to KCC is fair and reasonable.

### D.    **Incentive Award**

Plaintiff seeks an incentive award of $5,000 for his participation in this action.  (Mot. at 23–24).

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement.  *Staton*, 327 F.3d at 977 (9th Cir. 2003).  When evaluating the reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:        Jorge A. Perez v. Performance Food Group, Inc. et al.

expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Id.*

In support of his request, Plaintiff states that he has "has assisted with the prosecution of the case including providing counsel information about Defendants' policies and practices, assisting counsel in preparing for the mediation and reviewing settlement and other case documents."  (Mot. at 25; Declaration of Jorge Perez ("Perez Decl.") ¶ 7 (Docket No. 33-4)).  Plaintiff also contends that he "undertook to prosecute the case despite the risk of a cost judgment against him, and despite the potential risk that prospective employers would hold it against him."  (Mot. at 25; Perez Decl. ¶ 8).

The Court's independent search reveals that incentive awards of up to $5,000 have been found to be reasonable.  *See, e.g.*, *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266–67 (N.D. Cal. 2015) (approving a $5,000 incentive payment for releasing all claims against the defendant); *In re Toys R Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014) (concluding that "an incentive award of $5,000 for each of [the plaintiffs]" is just and reasonable).

In light of the significant time and effort Plaintiff expended in this action and caselaw supporting up to $5,000 incentive awards, the Court concludes that the incentive award is fair and reasonable.

### E.    *Cy Pres* **Recipient**

The parties agree that any uncashed amount from the second distribution shall be donated to Public Justice, the *cy pres* recipient.  Public Justice is a public interest organization that aggressively prosecutes a wide range of class actions, has a special project to preserve class actions and prevent their abuse, and advocates against binding arbitration clauses for employees and consumers.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7128-MWF (JPRx)                    Date:  June 7, 2019
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

On its website, https://www.publicjustice.net/donate/cy-pres-awards, Public Justice describes *cy pres* donations as follows:

> Public Justice strongly believes that *cy pres* awards are an invaluable way to honor and advance the interests of class members when complete dispersal of the award or settlement is not feasible.  Through *cy pres* awards, the plaintiffs can provide a collective, continuous service to the public interest.
>
> Because of our wide-ranging docket, the Public Justice Foundation is an excellent steward of *cy pres* awards.

*See id.*

The Ninth Circuit discussed requirements for *cy pres* recipients in *Dennis v. Kellog Co.*, 697 F.3d 858 (9th Cir. 2012).  The court emphasized that "a *cy pres* award must qualify as 'the next best distribution' to giving the funds directly to class members."  *Id.* at 865.  "A *cy pres* award must be 'guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members,' and must not benefit a group 'too remote from the plaintiff class[.]'"  *Id.* (quoting *Six Mexican Workers*, 904 F.2d at 1308–09).  The court has "broad discretionary powers in shaping" a *cy pres* award.  *In re Easysaver Rewards Litig.*, 906 F.3d 747, 761 (9th Cir. 2018) (citation omitted).

Here, having considered the parties' proposed *cy pres* recipient and reviewing Public Justice, the Court concludes that it is the proper choice for a *cy pres* recipient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 17-7128-MWF (JPRx)** **Date:  June 7, 2019**
Title:      Jorge A. Perez v. Performance Food Group, Inc. et al.

III. **CONCLUSION**

The Motion is **GRANTED**.

The Court awards counsel $498,750 in fees and $6,550.61 in costs, to be paid from the settlement fund.  The Court also awards $62,898.49 in administration costs to KCC.  The Court finally awards Plaintiff an incentive award of $5,000.  A separate judgment will issue.

IT IS SO ORDERED.