1
2
3                                                                JS-6
4
5
6                    UNITED STATES DISTRICT COURT
7                    CENTRAL DISTRICT OF CALIFORNIA
8
9     JORGE A. PEREZ, on behalf himself,        Case No. 2:17-CV-7128-MWF (JPRx)
      all others similarly situated, and the
10    general public,                           **JUDGMENT GRANTING FINAL
                                                APPROVAL OF CLASS ACTION
11                                              SETTLEMENT; AWARD OF
                 Plaintiff,                     ATTORNEY FEES AND
12                                              EXPENSES, SETTLEMENT
                                                ADMINISTRATOR EXPENSES,
13        v.                                    AND CLASS REPRESENTATIVE
                                                SERVICE AWARD**
14    PERFORMANCE FOOD GROUP,
15    INC., a Colorado corporation;
      VISTAR TRANSPORTATION, LLC,
16    a Delaware limited liability company;
      ROMA FOOD ENTERPRISES, INC.,
17    a California corporation; and DOES 1-
      50, inclusive,
18
19               Defendants.
20
21
22        Plaintiff's Motion for Final Approval of Class Action Settlement; Award of
23   Attorney Fees and Expenses; Class Representative Service Award; Award of
24   Settlement Administrator Expenses (the "Motion"), came regularly for hearing
25   before this Court on June 3, 2019.  (Docket No. 33).  After consideration of all the
26   papers filed in connection therewith, the arguments of counsel, and all other
27   matters presented to the Court, and good cause appearing therefore, the Motion is
28   **GRANTED** and,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      The Settlement Agreement is hereby finally approved.

2.      The Court finds that the proposed Settlement is "fair, reasonable and adequate" based on the value of the claims in the case, the monetary value of the proposed settlement and the risks that the plaintiff would face in proceeding with litigation.  The Settlement was arrived at after sufficient investigation and discovery and occurred after a mediation with an experienced mediator.  It appears that the settlement negotiations were at arms-length.

3.      The Court finds that the Notice Plan approved has been fully implemented.  The Notice Plan complies with F.R.C.P. 23(c)(2)(B).  It constituted the best practicable notice; was reasonably calculated, under the circumstances to inform Settlement Class Members of the pendency of this case, and of their right to exclude themselves or object to the Settlement and to appear at the Final Approval Hearing; and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.

4.      The Court finds and determines that the Class, as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes only under F.R.C.P. 23(a) and 23(b)(3) and it is hereby ordered that the class is finally certified for settlement purposes.

5.      Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

6.      The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement.

7.      The Court finds that the proposed service award is fair reasonable and adequate and orders an award of $5,000 to be paid out of the Settlement Fund to Jorge Perez.

1      8.     The Court awards to Class Counsel attorney's fees in the amount of

2    $498,750 to be paid out of the Settlement Fund.

3      9.     Noting that the Ninth Circuit's benchmark for percentage-of-the

4    recovery awards is 25% the Court finds that a 25% fee award is fair and reasonable

5    based upon the following factors: (1) the results obtained in the case are excellent in

6    comparison to settlements in similar cases; (2) the considerable risk at the outset of

7    the case that Class Counsel would recover nothing given the uncertain and evolving

8    case law surrounding the FCRA; (3) the financial burden taken on by Class Counsel

9    in litigating the case on a contingent basis.

10     10.    The Court awards Class Counsel's litigation expenses in the amount of

11    $6,550.61.  Counsel have adequately documented these expenses, which are

12    compensable litigation expenses that were incurred for the benefit of the Class.

13     11.    The Court awards the Settlement Administrator KCC settlement

14    administration expenses in the amount of $62,898.49.

15     12.    This action is hereby dismissed with prejudice and judgment is entered

16    in accordance with the above. Without affecting the finality of this Judgment, the

17    Court reserves jurisdiction over all parties and the Class as to all matters concerning

18    administration, consummation and enforcement of the Settlement.

21    DATED: June 7, 2019

                                          Michael W. Fitzgerald
                                        United States District Judge